# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:14-cv-0366-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

Plaintiff Christopher Williams ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively.[1] The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 8).

1

**FACTS AND PRIOR PROCEEDINGS**

On March 25, 2010, Plaintiff filed his current applications for DIB and SSI beginning on September 19, 2009. AR 13, 285.[2] Plaintiff's applications were denied initially and on reconsideration. AR 168-174. Subsequently, Plaintiff requested a hearing before an ALJ. AR 174. ALJ Christopher Larsen held a hearing on March 15, 2012, and issued an order denying benefits on March 26, 2012. AR 13-21. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on January 23, 2014. AR 1-3. This appeal followed.

**Plaintiff's Testimony**

The ALJ held a hearing on March 15, 2012, in Fresno, California. AR 27-68. Plaintiff appeared and testified. AR 27. He was represented by attorney Melissa Proudian. AR 27.[3]

Plaintiff was born on January 21, 1958, and was 54 years old at the time of the hearing. AR 32. Plaintiff testified that he completed the 10th grade and although he is trained as a certified nursing assistant, his last full-time employment was in 2005 in the glass business. AR 33. He stated he also worked part-time for Wienerschnitzel from June 2008 through June 2011. AR 35. Plaintiff stated he could not work full-time any longer because of back pain and shortness of breath. AR 35. He stated he was depressed and also had problems with his right arm. AR 36.

When asked about his limitations, Plaintiff stated he can kneel down but crouching was difficult. AR 38. Plaintiff also experiences dizziness. AR 38.

When asked about his daily activities, Plaintiff stated that he cooks every day, vacuums 2 to 3 times a week, does laundry and dishes, goes grocery shopping with his girlfriend, and walks the dog for 15 to 20 minutes. AR 56. Socially, Plaintiff goes to lunch with his aunt and uncle and goes to "AA meetings." AR 57. While Plaintiff is able to bathe and dress himself, his girlfriend occasionally helps him put on his socks. AR 54. Plaintiff also exercises daily, riding a stationary bike, using the elliptical machine, or walking on the treadmill for up to 30 minutes. AR 54.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[3] Vocational Expert Cheryl Chandler also testified at the hearing; however, the VE testimony is unrelated to Plaintiff's appeal.

Before hearing testimony from the VE, Plaintiff testified that he went to AA meetings and had not used alcohol since 2009, except for a couple of relapses in 2009 and one on Christmas Eve 2011. AR 57. Plaintiff also testified that he stopped using marijuana on Thanksgiving of 2011. AR 60.

**Medical Record**

The entire medical record was reviewed by the Court. AR 357-763. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 13-21. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since September 19, 2009. AR 15. Further, the ALJ identified right elbow lateral epicondylitis status post-surgery, coronary artery disease status post stent placement, chronic obstructive pulmonary disease, degenerative disc disease, right shoulder degenerative joint disease, and paroxysmal atrial fibrillation flutter status post radiofrequency ablation. AR 15. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 16.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours, and sit for 6 hours, in an eight hour-day; but must be allowed to sit or stand at will throughout the work day. He can occasionally grip or grasp forcefully with the right (non-dominant) hand; and can occasionally reach overhead, stoop, crouch, and crawl. He must avoid concentrated exposure to fumes, dusts, odors, gases, and poor ventilation (20 CFR 404.1567) and 416.976(b). AR 17. He also found that Plaintiff could perform a significant number of other jobs that exist in the national economy including, cashier, counter clerk, and carrier. AR 20. As a result, Plaintiff was not disabled under the Social Security Act. AR 20.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial

evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**

Plaintiff's sole argument is that the ALJ failed to provide clear and convincing reasons for discrediting his subjective symptom testimony. (Doc. 15 at 8). In response, the Commissioner asserts that the ALJ adequately articulated appropriate reasons for discrediting Plaintiff. (Doc. 17 at 6). A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

4

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Other factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Here, because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (AR 17), the ALJ's reasons must be clear and convincing. *Brown-Hunter v. Colvin*, No. 13-15213, ___ F.3d ____, 2015 U.S. App. LEXIS 13560, 2015 WL 4620123, at *5 (9th Cir. Aug. 4, 2015). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

The ALJ provided two reasons for rejecting Plaintiff's credibility: (1) a sporadic work history and (2) activities of daily living. The Court finds that the ALJ's reliance on these factors are clear and convincing reasons to reject Plaintiff's credibility.

5

First, an ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) ("The ALJ may consider at least the following factors when weighing the claimant's credibility:... '[her] work record ...'"); *see, e.g., Aarestad v. Comm'r of Soc. Sec.*, 450 Fed. App'x. 603, 604 (9th Cir. 2011) (unpublished) (affirming ALJ's determination of claimant's testimony as partially not credible where claimant "worked only sporadically before the alleged onset of disability (which suggests that her decision not to work was not based on disability)"); *Burkstrand v. Astrue*, 346 Fed. Appx. 177, 179 (9th Cir. 2009) (unpublished) ("limited work history" negatively impacted credibility).

Here, the ALJ found that the record demonstrated that Plaintiff has an "inconsistent work history." AR 19. Indeed, the ALJ relied on the Summary Earnings Query, which reflects extremely limited earnings for sporadic years from 1996 through 2011. AR 252. The record shows that Plaintiff had no earnings in 1996, 2003, 2007 and 2011, only $688.05 earnings in 2006, and from $1,197.00 to $8,312.10 from 1997 through 2010. AR 252. The ALJ was entitled to determine from Plaintiff's pre-disability period work history (or lack thereof) that he lacked motivation to work. Indeed, the Ninth Circuit has expressly approved of an ALJ rejecting a claimant's credibility when the claimant's "extremely poor work history" reflecting "little propensity to work in her lifetime"— i.e., where a claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability. *Thomas*, 278 F.3d at 959. The ALJ here was entitled to discount Plaintiff's credibility based on inconsistent work history calling into question whether Plaintiff's current unemployment is actually the result of his medical problems. AR 20.

The ALJ also properly relied upon the Plaintiff's wide ranging activities in concluding that Plaintiff's daily living was inconsistent with his subjective symptom complaints. AR 20. Plaintiff disputes the legal sufficiency of this reason because his daily activities were not transferable to a work setting. (Doc. 15 at 14). However, the ALJ did not find that Plaintiff's daily activities were transferable to a work setting. Rather, the ALJ relied on evidence of Plaintiff's daily activities to demonstrate that Plaintiff's lifestyle is inconsistent with the severity of his subjective symptom complaints. An ALJ may consider inconsistencies between a claimant's activities and his subjective complaints. *See Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009) (ALJ properly determined

that the claimant's daily activities "did not suggest [the claimant] could return to his old job at Cummins, but . . . did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated"). For example, Plaintiff testified that he cooked every day; vacuumed 2 to 3 times a week; washed dishes every day; did laundry; shopped for groceries; walked his dog; went to lunch with his aunt and uncle; and attended AA meetings and gatherings to celebrate birthdays. AR 19, 56-57. Plaintiff further testified that he dressed and bathed himself; exercised daily; rode a stationary bike; exercised on an elliptical machine; and walked on the treadmill for up to 30 minutes. AR 54. *See Thomas,* 278 F.3d at 959 (claimant's "ability to perform various household chores such as cooking, laundry, washing dishes and shopping," among other factors, bolstered "the ALJ's negative conclusions about [her] veracity"). It was therefore proper for the ALJ to determine that Plaintiff activities of daily living were inconsistent with his subjective complaints. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms").

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Accordingly, the ALJ's credibility findings are free of legal error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Christopher S. Williams.

IT IS SO ORDERED.

Dated:   **September 17, 2015**                /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE